IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT M. TOBIAS, | ) | CV NO. 5:14-cv-399-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF PEARSALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITH
RESPECT TO SECTION 1983 CLAIM; (2) DENYING DEFENDANTS'
MOTION TO DISMISS ON OTHER CLAIMS AS MOOT; (3) DENYING
PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AS MOOT

Before the Court is a Motion to Dismiss filed by Defendants City of

Pearsall, A. Alvarez, D. Rodriguez, C. Carrasco, M. Ariza, A. Nieto, A.

Hernandez, O. Villarreal, R. Alvarez, C. Valdez, H. Lozano (collectively,

"Defendants"). (Dkt. # 3.) Plaintiff Robert M. Tobias, Jr. ("Plaintiff") filed a

Response and a Motion for Declaratory Judgment. (Dkt. # 4.)

The Court held a hearing on Defendants' Motion to Dismiss and

Plaintiff's Motion for Declaratory Judgment on September 9, 2014. At the

hearing, Reid E. Meyers, Esq., appeared on behalf of Plaintiff; Albert Lopez, Esq.,

appeared on behalf of Defendants. For the reasons that follow, the Court

**GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's Section 1983

claim (Dkt. # 3), **DENIES** Defendants' Motion to Dismiss with respect to

Plaintiff's state law claims as **MOOT** (id.), **DENIES** Plaintiff's Motion for

Declaratory Judgment as **MOOT** (Dkt. # 4), and **REMANDS** the action to state

court.

<u>BACKGROUND</u>

In April 2013, Defendants hired Plaintiff as the City of Pearsall's City

Manager pursuant to a two-year employment agreement.  ("Pet.," Dkt. # 1, Ex. 4 at

4.)  The agreement included a provision stating: "In the event the Manager is

'involuntarily terminated' or 'suspended' for any reason by action of the

Council . . . and Manager is willing and able to perform his duties under this

agreement, then in that event, City agrees to pay Manager a cash payment, equal to

one year's salary, or the balance term of his agreement, whichever is less, plus any

accrued leave." (<u>Id.</u>)  The agreement also provided Plaintiff six months to comply

with the city charter's residency requirement.  (Dkt. # 9, Ex. A-2 ¶ 10(B).)  Plaintiff

alleges that the agreement's residency provision was specifically drafted by

Defendants to entice Plaintiff to accept the job offer.  (Pet. at 16.)

On September 10 of the same year—thirty-six days before the six

month residency waiver expired—the City Council voted 4–3 to terminate

Plaintiff's employment without pay.  (<u>Id.</u>)  Plaintiff claims that this termination

without pay violates his employment agreement.  (<u>Id.</u> at 4.)  Plaintiff further

alleges that the events have harmed his ability to find employment in his field of expertise, his reputation has been harmed, and he has been unjustifiably ridiculed in the community.  (Id. at 17.)

On October 7, 2013, Plaintiff filed a Petition in state court against Defendant City of Pearsall alleging breach of contract.  (Id. at 3–4.)  Both parties filed motions for summary judgment in state court, requesting findings as a matter of law on the validity of the contract.  (Dkts. # 9, Ex. A, B.)  In March 2014, the state court denied both motions.  (Pet. at 13.)  On May 1, 2014, Plaintiff amended his Petition by adding individual Pearsall City Council members as Defendants and adding claims for recovery pursuant to Section 1983 of the Civil Rights Act, state tort law, and a declaratory judgment provision under the Texas Civil Practice and Remedies Code.  (Id. at 18–19.)  Defendants then filed a Notice of Removal in this Court.  (Dkt. # 1.)  On May 5, 2014, Defendants filed a Motion to Dismiss that is currently before the Court.  (Dkt. # 3.)  On May 19, Plaintiff filed a Motion for Declaratory Judgment that is also before the Court.  (Dkt. # 4.)

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'" <u>United States ex rel. Vavra v. Kellogg Brown & Root, Inc.</u>, 727 F.3d 343, 346 (5th Cir. 2013) (quoting <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

DISCUSSION

Defendants argue that Plaintiff's Section 1983 claims should be dismissed for failure to state a claim.  (Dkt. # 3 ¶ 3.)  Defendants also argue that Plaintiff's state law claims against the individual defendants should be dismissed as barred under the Texas Civil Practices and Remedies Code § 101.106(f).  (<u>Id.</u> ¶ 9.)  Finally, Defendants assert that Plaintiff's claim for declaratory judgment under the Texas Civil Practices and Remedies Code should be dismissed because it is beyond the Court's jurisdiction.  Plaintiff cross moved for declaratory judgment. (<u>Id.</u> ¶ 13.)

A.    <u>Plaintiff's Section 1983 Claims</u>

Section 1983 does not create any substantive rights; it provides a remedy for violations of federal statutory and constitutional rights.  See <u>Baker v.</u>

4

McCollan, 443 U.S. 137, 144 (1979).  "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Leffall v. Dall. Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).  Therefore, "the first step in a § 1983 analysis is to identify the specific constitutional [or federal] right involved."  Oliver v. Scott, 276 F.3d 736, 744 n.10 (5th Cir. 2002) (citing Baker, 443 U.S. at 140).

Here, although Plaintiff names Section 1983 as the basis for his federal claim, Plaintiff does not identify any constitutional right that has been violated.  (See Pet. at 19.)  Rather, his Petition states only that "[t]he Defendants subjected the Plaintiff to conduct under the color of state law and that conduct deprived Plaintiff of rights and privileges guaranteed under federal law or the U.S. Constitution."  (Id.)  Having failed to identify any particular basis for constitutional liability, he has not presented a sustainable Section 1983 claim.

In addition, because Plaintiff failed to give any basis for his Section 1983 claim, Defendants address two potential grounds for Plaintiff's Section 1983 claim in their Motion to Dismiss: a violation of procedural due process rights in either a property interest or a liberty interest.  (See Dkt. # 3 ¶¶ 3–6.)  However, even assuming that Plaintiff intended to plead either of these two bases of constitutional deprivations, Plaintiff nevertheless fails to plead sufficient facts to

properly state a Section 1983 claim.

    i. <u>Property Interest</u>

   To establish a denial of procedural due process under the Fourteenth Amendment in a Section 1983 suit, a plaintiff must show (1) a deprivation of a protected liberty or property interest, and (2) that the deprivation occurred under the color of state law.  <u>Doe v. Rains Cnty. Indep. Sch. Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995).  Property interests "are not created by the Constitution," and instead "are defined by existing rules or understandings that stem from an independent source such as state laws—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  <u>Bd. of Regents of State Coll. v. Roth</u>, 408 U.S. 564, 577 (1972).  In the employment context, the Fifth Circuit has repeatedly found that continued employment can amount to a property interest where there is a contract that creates an expectation of continued employment.  <u>Henderson v. Sotelo</u>, 761 F.2d 1093, 1095 (5th Cir. 1985).

   However, Plaintiff makes clear that this is not the due process property interest he invokes: "Plaintiff has not disputed Defendants [sic] right to terminate Plaintiff."  (Dkt. # 4 ¶ 4.)  He therefore forecloses any inquiry as to whether the property interest in his continued employment has been violated.

   Rather, Plaintiff asserts that he was denied his contractually obligated severance pay.  Plaintiff alleges that (1) "the Defendant's City Council voted 4–3

to terminate Plaintiff's employment 'without pay'" in violation of his employment agreement; (2) that "Defendant has refused to agree to pay or pay Plaintiff in accordance to [sic] the terms of the [Termination Pay] provision"; (3) that Plaintiff "sent the Mayor and all members of the Pearsall City Council a letter asking them to confirm that the City would honor its obligations under the [Employment] Agreement [and that] [t]he City did not respond in any manner"; and (4) that "counsel placed telephone calls to the City Attorney and the City Manager of the City Pearsall. . . . [and that] both refused to acknowledge that the City had obligations under the Agreement and claimed that the Council had made its final decision."  (Pet. at 5.)

Section 1983 is not a vehicle to "federalize all contract law," and this Court is the inappropriate forum for a breach of contract claim.  Boucvalt v. Bd. of Comm'rs of Hosp. Serv. Dist. No. 1, Iberia Parish, 798 F.2d 722, 730 (5th Cir. 1986); Jett v. Dall. Indep. Sch. Dist., 798 F.2d 748, 754 n.3 (5th Cir. 1986) ("[N]ot every breach of an employment contract on the part of the government amounts to a deprivation of a property interest." (citing Casey v. Depetrillo, 697 F.2d 22, 23 (1st Cir. 1983) (finding that the teachers' employment-related claims amounted to "at bottom, a simple action for breach of contract for which the state provides a complete and adequate remedy"))).  So long as adequate state remedies provide a plaintiff recourse, Section 1983 is unavailable.  Hudson v. Palmer, 468 U.S. 517,

533 (1984) ("[I]ntentional deprivations [of property] do not violate [the Due Process] Clause, provided, of course, that adequate state post-deprivation remedies are available."); see also Boucvalt, 798 F.2d at 730 (noting that "postdeprivation tort remedy constitutes all the process that is due for unauthorized negligent and intentional torts by state officials" (citing Parratt v. Taylor, 451 U.S. 527, 543–44 (1981))).

      At base, Plaintiff complains that the City of Pearsall violated his employment contract by denying him severance pay.  State law provides Plaintiff an available and adequate remedy.  Plaintiff can—and already did—file suit for breach of contract in state court.  Because the process afforded in state court is constitutionally adequate, Section 1983 is an inappropriate vehicle for his claim.

      To the extent that Plaintiff argues that he was denied a reason for his termination or a hearing on the matter of his severance in his Response briefing (Dkt. # 4 ¶ 5), such a claim is improperly before the Court.  In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is limited to the pleadings.  Jackson v. Procunier, 789 F.2d 307, 309 (5th Cir. 1986); cf. Cutrera v. Bd. of Supervisors, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

    ii.    <u>Liberty Interest</u>

Additionally, a government employee can have a liberty interest in his "good name, reputation, honor, or integrity." <u>Bd. of Regents of State Coll.</u>, 408 U.S. at 573.  However, "a constitutionally protected liberty interest is implicated only if an employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities." <u>White v. Thomas</u>, 660 F.2d 680, 684 (5th Cir. 1981). To state such a claim, the plaintiff must show: "(1) that she was discharged; (2) that stigmatizing charges were made against her in connection with the discharge; (3) that the charges were false; (4) that she was not provided notice or an opportunity to be heard prior to her discharge; (5) that the charges were made public; (6) that she requested a hearing to clear her name; and (7) that the employer refused her request for a hearing." <u>Hughes v. City of Garland</u>, 204 F.3d 223, 226 (5th Cir. 2000).  "Mere proof that the employment decision 'might make an individual less attractive to other employers does not, by itself, implicate a liberty interest.'" <u>Id.</u> (quoting <u>Wells v. Hico Indep. Sch. Dist.</u>, 736 F.2d 243, 251 (5th Cir. 1984)).

    With regard to a liberty interest claim, the only potentially relevant facts alleged by Plaintiff are that "Plaintiff has been significantly harmed in his abilities to find prospective employment in his field of expertise, his reputation has

been harmed and he has been unjustifiably ridiculed in the community." (Pet. at 17.) This recital is unsupported by any factual substantiation and is wholly inadequate to meet the required pleading standard. See Higgenbotham v. Connatser, 420 F. App'x 466, 468 (5th Cir. 2011) (finding that the plaintiff's failure to plead facts supporting several of the elements of the seven-part Hughes test amounted to a failure to state a claim).

Because Plaintiff failed to sufficiently provide any factual basis to support a constitutional deprivation of any kind, the Court **GRANTS** Defendants' Motion to Dismiss with regard to Plaintiff's Section 1983 claim.

B.    Plaintiff's State Law Claims

Defendants argue that this Court should dismiss Plaintiff's state law claims pursuant to the Texas Civil Practice and Remedies Code. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court does not reach the question of whether dismissal under the Code is proper.

A district court has the discretion to decline supplemental jurisdiction over state law claims when the court has dismissed all of the federal claims in the case. 28 U.S.C. § 1367(c)(3). Accordingly, having dismissed Plaintiff's only federal claim in the suit—the Section 1983 claim—this Court has discretion to decline supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).

In determining whether to exercise jurisdiction over pendent state law claims, courts must weigh the interest in judicial economy, convenience, fairness, and comity.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  Id.  Therefore, it is the general rule in the Fifth Circuit to "remand cases when all federal claims are disposed of prior to trial."  McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir. 1998) (citing Carnegie-Mellon Univ., 484 U.S. at 350; United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)), overruled on other grounds by Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir. 2003).

For that reason, declining jurisdiction over Plaintiff's pendent state law claims is appropriate here.  The case is in early stages of litigation in federal court.  With the exception of the current motions at issue, the parties have not yet engaged in any meaningful litigation on the state law claims in this Court. Therefore, the general Fifth Circuit rule applies, and this Court declines to exercise supplemental jurisdiction.

Moreover, a factor-by-factor weighing results in the same conclusion. First, because the federal court has had minimal involvement with the state law

claims in this case, judicial economy weighs in favor of remand.  The case has only been pending in this Court for four months.  (See Dkt. # 1.)  The court has held only one hearing (on the motions at issue here) and rendered only this decision. (See Dkt. # 7.)  No magistrate judge has ruled on any issues; discovery is not scheduled to close for another three months; and the trial has not even been set. (Dkt. # 6 ¶¶ 6, 9.)  Conversely, the state court is already very familiar with the case, having ruled on two motions for summary judgment before the case was removed.  (Pet. at 13.)  With such minimal federal court involvement and pre-existing state court involvement, the consideration of judicial economy weighs in favor of remanding the state law claims.  See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992) (finding that judicial economy favored dismissing the state law claims where the case was only nine months into litigation, the trial date was a few weeks away, and discovery had not been completed, even when the magistrate judge had decided "a number of discovery matters").

        Second, remanding the state law claims back to state court will not cause "undue inconvenience" to the parties; in fact, litigation in state court is likely more convenient for the parties.  See id. The state court handling the case prior to removal was located in Pearsall, where the majority of the parties reside.  (See Pet. at 18); see also Brim v. ExxonMobil Pipeline Co., 213 F. App'x 303, 306 (5th Cir.

2007) (finding that dismissal promoted convenience when plaintiffs and majority of witnesses lived in Midland and the federal court hearing the case was in San Antonio).

Third, fairness weighs in favor of remand.  There is nothing in the record to indicate that either party will be prejudiced by remand.  See Hicks v. Austin Indep. Sch. Dist., 564 F. App'x 747, 749 (5th Cir. 2014).

Fourth, consideration of comity weighs in favor of remand.  "The federal courts are courts of limited jurisdiction . . . and are often not as well equipped for determinations of state law as are state courts. . . . '[F]ederal courts are not the authorized expositors of state law; there is no mechanism by which their errors in such matters can be corrected on appeal by state courts.'"  Parker & Parsley Petroleum Co., 972 F.2d at 588–89.  All of the claims remaining in the case are state law claims based in contract and tort law.  Although these claims are not particularly difficult, as state law claims they are nevertheless better decided by the state court.  See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . .").

Therefore, the Court **DENIES** Defendants' Motion to Dismiss regarding Plaintiff's state law claims as **MOOT** and **REMANDS** the case to the state court.

13

C.   <u>Plaintiff's Motion for Declaratory Judgment</u>

Plaintiff's Motion for Declaratory Judgment is based in state law.  The claim turns on whether the contract provision conferring Plaintiff a severance upon termination was made <u>ultra vires</u>, in violation of the City of Pearsall's Charter, and, if so, whether the illegal provision can be severed from the contract or whether the contract is invalidated as a whole.  (<u>See</u> Dkt. ## 4, 9.)  These are traditional contract claims governed by Texas state common law.  Having remanded the state law claims to state court, the Court **DENIES** Plaintiff's Motion for Declaratory Judgment as **MOOT**.

<u>CONCLUSION</u>

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Dismiss with regard to Plaintiff's Section 1983 claim (Dkt. # 3), **DENIES** Defendants' Motion to Dismiss with regard to Plaintiff's state law claims as **MOOT** (<u>id.</u>), **DENIES** Plaintiff's Motion for Declaratory Judgment as **MOOT** (Dkt. # 4), and **REMANDS** the action to state court.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 9, 2014.

_____
David Alan Ezra
Senior United States Distict Judge